CORRECTED

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-0379V**

PATRICIA WHITTEMIRE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: September 14, 2026

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, Pittsburgh, PA, for Petitioner.*

*Jay Travis Williamson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 11, 2024, Patricia Whittemire filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following a tetanus diphtheria and acellular pertussis vaccine administered on August 9, 2022. Petition at 1. On April 16, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 49.

Petitioner filed an interim motion for attorney's fees and costs, requesting an award

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of $17,237.60 (representing $16,609.50 in fees plus $628.10 in costs). Petitioner's Motion for Interim Fees filed June 26, 2025, ECF No. 37. Additionally, Petitioner filed a final motion for attorney's fees and costs, requesting an award of $10,744.05 (representing $10,320.50 in fees plus $423.55 in costs). Petitioner's Motion for Final Attorney Fees and Costs filed July 22, 2026, ECF No. 54. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. *Id.* at 2.

Respondent reacted to the interim motion, deferring to the Chief Special Master to determine whether or not petitioner has met the legal standard and statutory requirements for an interim fees and costs award and deferring resolution of the amount to be awarded to my discretion. Respondents' response to interim fees motion at ECF No. 29. Petitioner did not file a reply to Respondents' response to the interim fee motion.

Respondent filed a response to Petitioner's Final Attorney's Fees and Costs stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. Moreover, Respondent states that he does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date. Respondent's Response to Motion at ECF No. 47. Petitioner filed no reply thereafter.

I have reviewed the billing records and supporting documentation submitted with Petitioner's Motion. I find the overall amount sought to be reasonable and will award it herein.[3]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $27,981.65 as follows:**

**A lump sum of $10,744.05, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Paul Brazil's IOLTA account for prompt disbursement; and**

**A lump sum of $17,237.60, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Phyllis Widman's IOLTA account for prompt disbursement.**

---

[3] However, this award should not be construed as an acceptance of the hourly rates requested, the number of hours billed, or other litigation related costs.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.